67 F.3d 319
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Natividad R. LUMANLAN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3013.
 United States Court of Appeals, Federal Circuit.
 Oct. 6, 1995.
 
 Before MAYER, Circuit Judge, SKELTON, Senior Circuit Judge, and BRYSON, Circuit Judge.
 PER CURIAM.
 
 
 1
 Natividad R. Lumanlan seeks review of an initial decision of the Merit Systems Protection Board, No. SE-0831-94-0099-I-1 (Mar. 10, 1994), affirming the decision of the Office of Personnel Management that she was not entitled to a survivor annuity through the Civil Service Retirement System, and additionally holding that she was not entitled to a lump sum refund of retirement contributions. This decision became final on September 15, 1994, when the full board denied her petition for review. We affirm.
 
 
 2
 We review the board's decisions under a narrow standard. We must affirm a decision of the board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 3
 Lumanlan argues that her husband's service was covered under the Act, and that OPM improperly excluded him from CSRS coverage based on his status as an indefinite employee. This court rejected such an argument in Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed.Cir.1995), when it held that deference must be accorded to OPM's interpretation of the term "temporary" in 5 U.S.C. Sec. 8347(g) (1994) to include "indefinite" appointments. See 48 F.3d at 519. The board held that Lumanlan was not entitled to a survivor annuity because her husband's appointments were "indefinite." She has not demonstrated any reversible error in that decision.